UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 1:15-cr-10<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| CHRISTOPHER COMBS (2), | )<br>) |
| Defendant. | )<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

On January 21, 2015, the Grand Jury for the Southern District of Ohio returned a two count indictment against defendants Anthony Lee Brown and Christopher Combs. Count 1 charged the defendants with coercion and enticement in violation of 18 U.S.C. § 2422(a), and Count 2 charged the defendants with transportation of individuals to engage in prostitution in violation of 18 U.S.C. § 2421 (Doc. 4).

The forfeiture allegation in the Indictment contained notice to the defendants that the United States sought forfeiture of certain property pursuant to 18 U.S.C. § 2428 as part of any sentence. The United States has identified an Alcatel One Touch cellular telephone, containing no serial or model number, seized from defendant Christopher Combs (the "subject property") for forfeiture.

On March 27, 2015, defendant Christopher Combs entered into a Plea Agreement (Doc. 31) with the United States in which he agreed to plead guilty to Count 2 of the Indictment and to forfeit items seized as a result of the investigation to the United States. Defendant Christopher Combs entered a plea of guilty to Count 2 of the Indictment on March 30, 2015 (Doc. 33).

The Court finds that based on the record in this case, the subject property is subject to forfeiture pursuant to 18 U.S.C. § 2428, defendant Christopher Combs had an interest in such property, and the United States has established the requisite nexus between the subject property and the offense to which he has pled guilty.

Therefore, pursuant to Fed. R. Crim. P. 32.2,

IT IS ORDERED that all right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2428.

IT IS FURTHER ORDERED that the United States shall publish notice, pursuant to Fed. R. Crim. P. 32.2(b)(6), of this Order and of its intent to dispose of the subject property and send notice to any person who reasonably appears to be a potential petitioner with standing to contest the forfeiture in an ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(2), any person, other than defendant Christopher Combs, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent

of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the United States shall seize the subject property, whether held by the defendant or a third party; conduct whatever discovery is necessary to identify, locate or dispose of the property; and commence proceedings that comply with any statutes governing third-party rights.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and shall be made part of the sentence and included in the judgment.

_____
Timothy S. Black
UNITED STATES DISTRICT JUDGE